LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2021CV0740
5/4/2021 3:01 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Lindsey Tutt

IN THE SUPERIOR COURT FOR THE COUNTY OF LOWNDES
STATE OF GEORGIA

| | | |
|---|---|---|
| ALICHA WHITEHEAD, | § § § | |
| *Plaintiff,* | § | |
| -versus- | § § | CIVIL ACTION NO: 2021CV0740 |
| WINN-DIXIE STORES, INC., | § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, **ALICHA WHITEHEAD** (hereinafter "Whitehead"), in the above-styled action, and file this her *Original Complaint for Damages* against Defendant Winn-Dixie Stores, Inc. by stating as follows:

### PART I

### PARTIES

1.0   Plaintiff **Alichá Whitehead** is, and at all times material to this lawsuit, a resident of Georgia with her mailing address being Valdosta, Lowndes County, Georgia 31601, and has a cause of action in tort against the Defendant arising out of an incident in Lowndes County, Georgia that occurred on May 13, 2019.

1.2   Defendant **Winn-Dixie Stores, Inc.** is a foreign corporation that, at times material to this lawsuit, was engaged in business in Georgia with its principal office located at 8928 Prominence Parkway, #200, Jacksonville, Florida 32256, but operating its business at 3200 North Ashley Street, Valdosta, Georgia 31602. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the

ownership, operation, management and/or control of Winn-Dixie at all times material to this lawsuit. Said Defendant may be served with summons through its registered agent for service of process, to wit: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

## PART II

### JURISDICTION AND VENUE

2.0  This is an action for damages because of torts, wrongs, or injury done to Plaintiff **Alicha Whitehead**, and the cause of action originated in Lowndes County, Georgia. Defendant **Winn-Dixie Stores, Inc.** has an office and transacts business in Valdosta, Lowndes County, Georgia. O.C.G.A. §14-2-510(b)(3).

2.1  Defendant **Winn-Dixie Stores, Inc.** is subject to the jurisdiction and venue of this Honorable Court pursuant to, *inter alia*, O.C.G.A. §14-2-510 (b)(3).

2.2  The Court has jurisdiction over the subject matter of and parties to this action, and venue is proper in this Court. Lowndes County is the county where the incident occurred, the county where Defendant **Winn-Dixie Stores, Inc.** operated its business, where Plaintiff **Alicha Whitehead** was injured, and the county of residence and/or domicile of Plaintiff **Alicha Whitehead**. O.C.G.A. §14-2-510(b)(3).

### APPARENT "OBSTENSIBLE" AGENCY

3.0  Defendant **Winn-Dixie Stores, Inc.** is liable for the fraudulent, reckless and wanton conduct, negligent acts and omissions of their agents, servants, and/or employees and for their fraudulent, reckless and wanton conduct and negligent acts and omission during the services provided to Plaintiff **Alicha Whitehead** because they represented

themselves as employees and/or agents of the Defendant, and Plaintiff justifiably relied on their skills and expertise for the services provided while she was an invitee on Defendant's premises. As a result, Plaintiff **Alicha Whitehead** suffered mental and physical pain, loss of dignity, loss wages and incurred medical and related expenses for an extended period of time.

## PART III

### FACTUAL ALLEGATIONS AGAINST THE DEFENDANT

4.0 On or about May 13, 2019, Plaintiff **Alicha Whitehead** presented herself at the Defendant Winn-Dixie Store located at 3200 North Ashley Street, Valdosta, Georgia 31602, to do her weekly shopping. As Plaintiff **Whitehead** walked down the Frozen Food aisle, she slipped in what she later believed to be a brown substance that was on the floor. There were no warning signs situated to warn patrons of the dangerous condition that was present in the area, and Plaintiff **Whitehead** was unaware of the dangerous condition (i.e., slippery brown substance).

4.1 As a result of slipping in the foreign substance, Plaintiff **Whitehead** fell to the floor with such force and violence as to cause excruciating pain and suffering and necessitating medical treatment.

4.2 Defendant Winn-Dixie Stores, Inc. was negligent in the following particulars:

    (a) in failing to keep its premises safe for its patrons and visitors;

    (b) in failing to exercise due care in properly maintaining its premises;

    (c) in failing to warn Plaintiff Alicha Whitehead and others of the unsafe and dangerous conditions on its premises.

4.3   Defendant failed to adequately warn its invitees that the floor was wet.

4.4   Defendant's employees were in the immediate vicinity when Plaintiff WHITEHEAD fell.

4.5   Defendant's employees were aware of the spilled liquid and did not remove it before Plaintiff WHITEHEAD's fall.

4.6   By reason of the foregoing, Plaintiff WHITEHEAD is entitled to recover past, present, and future compensatory damages from the Defendant Winn-Dixie Stores, Inc. in such an amount as may be shown by the evidence and as may be determined by the enlightened conscience of a fair-minded jury.

IV

## COUNT ONE - ORDINARY NEGLIGENCE

5.0   Plaintiff WHITEHEAD hereby realleges and incorporates all of the allegations set forth herein and above in her *Original Complaint for Damages* as though fully stated herein.

5.1   Plaintiff Whitehead sustained injuries including but not limited to her left leg and hip as a result of falling at the Winn-Dixie Store located at 3200 North Ashley Street, Valdosta, Georgia 31602.

5.2   Plaintiff WHITEHEAD has incurred significant medical expenses as a direct result of the treatment received for injuries she sustained in this fall wreck.

5.3   Plaintiff WHITEHEAD has also endured enormous pain and suffering due to the on-going physical treatment connected to this traumatic event.

WHEREFORE, Plaintiff **WHITEHEAD** demands as follows:

(a) That process issue in compliance with the law;

(b) That a jury trial be held to determine all issues including damages; and

(c) That she be awarded compensatory damages for bodily injuries she suffered through agent and/or instrumentality of Defendant Winn-Dixie Stores, Inc. in such an amount as may be shown by the evidence and as may be determined by the enlightened conscience of a fair-minded jury.

## COUNTY TWO - PERSONAL INJURIES TO ALICHA WHITEHEAD

6.0    Plaintiff **WHITEHEAD** hereby realleges and incorporates all of the allegations set forth herein and above in her *Original Complaint for Damages* as though fully stated herein.

6.1    On May 13, 2019, Plaintiff **WHITEHEAD** presented herself at South Georgia Medical Center for treatment of the injuries she sustained as a result of slipping and falling at the Defendant Winn-Dixie Store in question.

6.2    On May 20, 2019, Plaintiff **WHITEHEAD** returned to South Georgia Medical Center for additional medical treatment to address her injuries sustained on May 13, 2019.

6.3    On June 25, 2019, Plaintiff **WHITEHEAD** presented herself at Valdosta Orthopedic Associates to address the injuries sustained from the slip and fall at the Defendant Winn-Dixie Store in question.

6.4    As a direct and proximate result of the negligence and negligence *per se* of Defendant Winn-Dixie Stores, Inc. and its agents and employees, Plaintiff

WHITEHEAD was physically injured. Plaintiff **WHITEHEAD** has experienced and will continue to experience pain and suffering as a result of said injuries. Further, Plaintiff **WHITEHEAD** has been hindered from going about her regular daily activities.

6.5   As a direct and proximate result of the Defendant's negligence as stated above, Plaintiff **WHITEHEAD** has suffered and may continue to suffer physical pain and suffering, a loss of enjoyment of life, a diminishment in her capacity to labor and earn money, and other damages.

6.6   By reason of the foregoing, Plaintiff **WHITEHEAD** is entitled to recover past, present and future compensatory damages from Defendant Winn-Dixie Stores, Inc. in such an amount as may be shown by the evidence and as may be determined by the enlightened conscience of a fair-minded jury.

## COUNT THREE - NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7.0   Plaintiff **WHITEHEAD** hereby realleges and incorporates all of the allegations set forth herein and above in her *Original Complaint for Damages* as though fully stated herein.

7.1   Defendant Winn-Dixie Stores, Inc. caused Plaintiff **WHITEHEAD** emotional trauma that was outrageous and egregious. Defendant Winn-Dixie Stores, Inc. inflicted emotional trauma on Plaintiff **WHITEHEAD** by failing to warn her and others of the dangerous condition that was present on its floor, which resulted in Plaintiff **WHITEHEAD** falling and sustaining a serious injury to her left leg and right hip. As a

result of her injuries, physical limitations and inability to labor, Plaintiff **WHITEHEAD** became distressed and began to worry.

**WHEREFORE**, Plaintiff **WHITEHEAD** demands as follows:

(a) That process issue in compliance with the law;

(b) That a jury trial be held to determine all issues including damages;

(c) That Plaintiff be awarded compensatory damages for the bodily injuries she suffered through agent and/or instrumentality of Defendant Winn-Dixie Stores, Inc., in an amount in excess of $75,000.00; and

(d) That Plaintiff be awarded general damages for pain and suffering for negligent and intentional infliction of emotional distress, in an amount in excess of $75,000.00.

## COUNT FOUR - MEDICAL EXPENSES OF ALICHA WHITEHEAD

8.0   Plaintiff **WHITEHEAD** hereby realleges and incorporates all of the allegations set forth herein and above in her *Original Complaint for Damages* as though fully stated herein.

8.1   As a direct and proximate result of the aforesaid negligence and negligence *per se* of Defendant Winn-Dixie Stores, Inc., Plaintiff **WHITEHEAD** has incurred medical expenses for the treatment of her injuries and may incur future medical expenses.

8.2   Presently, Plaintiff **WHITEHEAD's** medical expenses total in excess of $8,201.47.

8.3   Plaintiff **WHITEHEAD** may continue to need medical treatment in the future as a direct and proximate result of the aforesaid negligence and negligence *per se* of

Defendant Winn-Dixie Stores, Inc.

8.4    By reason of the foregoing, Plaintiff **WHITEHEAD** is entitled to recover from Defendant Winn-Dixie Stores, Inc. the past and future medical and related expenses as a result of her fall in an amount as may be shown by the evidence at trial and as may be determined by the enlightened conscience of a fair-minded jury.

### COUNT FIVE - BAD FAITH

9.0    Plaintiff **WHITEHEAD** hereby realleges and incorporates all of the allegations set forth herein and above in her *Original Complaint for Damages* as though fully stated herein.

9.1    Plaintiff **WHITEHEAD** has provided Defendant Winn-Dixie Stores, Inc. with information on how this injury occurred and copies of her medical records and charges, and described her injuries and medical treatment for the Defendant. The Defendant has unreasonably denied liability for any injuries and damages suffered by Plaintiff **WHITEHEAD**.

9.2    Defendant Winn-Dixie Stores, Inc. has acted in bad faith, has been stubbornly litigious, and/or has caused Plaintiff **WHITEHEAD** unnecessary trouble and expense for which she may recover from said Defendant the cost of litigation expenses and attorney's fees.

**WHEREFORE**, Plaintiff **WHITEHEAD** demands as follows:

(a) That Plaintiff be awarded attorney's fees;

(b) That Defendant Winn-Dixie Stores, Inc. be ordered to pay Plaintiff's costs and expenses and

(c) For such other and further relief as this Honorable Court may deem equitable, just and proper.

## COUNT SIX - PUNITIVE DAMAGES

10.0 Plaintiff **WHITEHEAD** hereby realleges and incorporates all of the allegations set forth herein and above in her *Original Complaint for Damages* as though fully stated herein.

10.1 Defendant's failure to remove and/or adequately warn Plaintiff **WHITEHEAD** of the hazard showed a willful, wanton and reckless disregard for the safety and well-being of Plaintiff. Defendant is liable for punitive damages in accordance with O.C.G.A. §51-12-5.1.

## COUNT SEVEN - ATTORNEY'S FEES and EXPENSES OF LITIGATION

11.0 Plaintiff **WHITEHEAD** hereby realleges and incorporates all of the allegations set forth herein and above in her *Original Complaint for Damages* as though fully stated herein.

11.1 Defendant has exhibited bad faith, been stubbornly litigious and has caused Plaintiff **WHITEHEAD** unnecessary trouble and expense, thereby entitling Plaintiff to recover her expenses of litigation, including his reasonable attorney's fees, pursuant to O.C.G.A. §13-6-11.

## DEMAND FOR JURY TRIAL

12.0 Plaintiff **WHITEHEAD** hereby demands a trial by jury.

WHEREFORE, Plaintiff **WHITEHEAD** prays as follows:

(a) That process issue and service be had on the Defendant;

(b) That judgment be granted in favor of the Plaintiff against the Defendant for Plaintiff's personal injuries, which includes pain and suffering;

(c) That judgment be granted in favor of the Plaintiff against the Defendant as payment for the past medical expenses of Plaintiff, plus, any other existing or future medical expenses, which may be proven at trial;

(d) That Plaintiff recovers as set forth in each prayer enumerated in her Complaint;

(e) That a jury trial be had on all issues so triable;

(f) That Plaintiff recover the costs of this action; and

(g) For such other and further relief as this Court may deem equitable, just and proper.

**Respectfully submitted**, this <u>4th</u> day of May, 2021.

**COPELAND, HAUGABROOK & WALKER**
104 East Adair Street
Post Office Box 1810
Valdosta, Georgia 31601
Telephone: (229) 247-4617
Facsimile: (229) 242-0109
E-mail: cwlaw02@bellsouth.net

*/s/ Nathaniel Haugabrook, II*
NATHANIEL HAUGABROOK, II
Georgia Bar No.: 337970

*/s/ Rodney L. Lawton*
RODNEY L. LAWTON
Georgia Bar No.: 935272

***Attorneys for WHITEHEAD***