IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ALICHA WHITEHEAD, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:21-CV-67 (WLS) |
| WINN-DIXIE STORES, INC., | : |
| Defendants. | : |

## ORDER

Presently before the Court are Defendant's Motion for Summary Judgment (Doc. 17) and Request for Oral Argument (Doc. 20) which were both filed on April 11, 2022. For the reasons that follow, Defendant's Motion for Summary Judgment (Doc. 17) is **GRANTED**, and Defendant's Request for Oral Argument (Doc. 20) is **DENIED** as **MOOT**.

## PROCEDURAL HISTORY

On May 4, 2021, Plaintiff, Alicia Whitehead, filed this slip-and-fall action against Defendant, Winn-Dixie Stores, Inc., in the Superior Court of Lowndes County, Georgia. (Doc. 1-1.) The Complaint alleges that Defendant negligently failed to maintain a safe premises and Plaintiff was injured as a result. (Doc. 1-1 at 4.) Defendant answered Plaintiff's Complaint on June 1, 2021. (Doc. 1-4.) That same day, Defendant removed the case to this Court. (Doc. 1.)

On April 11, 2022, Defendant filed the presently pending Motion for Summary Judgment (Doc. 17) and corresponding Request for Oral Argument. (Doc. 20.) To date, Plaintiff's Counsel has not filed a Response. The time for filing a timely response has expired. Accordingly, pursuant to M.D. Ga. L.R. 7.2 Defendant's filings are ripe for disposition.

**SUMARY JUDGMENT STANDARD**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Chow v. Chak Yam Chau*, 555 F. App'x 842, 846 (11th Cir. 2014) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)). "'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.'" *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (citation omitted). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant – in this case Winn-Dixie Stores Inc. – bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet that burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24. After the movant has met their burden, the Court must then determine "whether the evidence [submitted by Plaintiff] presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (citation omitted). The nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. While a Plaintiff can use their affidavit to meet this burden, Fed. R. Civ. P. 56(c)(4), the affidavit must "designate 'specific facts showing that there is a genuine issue for

trial,' " and "he may not merely rest on his pleadings." *Graham*, 193 F.3d at, 1282.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Vicks v. Knight*, 380 F. App'x 847, 851 (11th Cir. May 26, 2010) (citation omitted).  To avoid summary judgment, the non-movant must point to record evidence that would be admissible at trial.  *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form.").

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict.  *See Matsushita*, 475 U.S. at 587-88; *Allen*, 121 F.3d at 646.  However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

## **RELEVANT FACTUAL BACKGROUND**

The following facts are derived from the Complaint (Doc. 1-1); Defendant's Answer to the Complaint (Doc. 1-4); and Defendant's Statement of Undisputed Material Facts. (Doc. 17-1.)  Where relevant, the factual summary also includes undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in a light most favorable to Plaintiff as the nonmoving party. *See* Fed. R. Civ. P. 56; *Matsushita*, 475 U.S. at 587-88.

On May 13, 2019, Plaintiff was a customer at Defendant's store located at 3200 North Ashley Street, Valdosta, Georgia. (Doc. 17-1 ¶¶ 1 & 2.) At approximately, 17:42:22 (5:42 P.M.) Plaintiff slipped in a foreign substance – that is believed to have been gravy from Defendant's deli – and fell to the ground. (Doc. 17-1 ¶¶ 2 & 5.) Plaintiff had no information or knowledge of the source of the gravy. (Doc. 17-1 ¶ 4.)

Two minutes before Plaintiff's fall, at approximately 17:40:33 (5:40 P.M.), Defendant's pricing manager, Tim Girard, walked through the location of Plaintiff's

accident. (Doc. 17-1 ¶ 6.) Tim Girard saw no foreign substance on the floor when he walked through. (Doc. 17-1 ¶ 7.) The reason that Tim Girard did not see any foreign substance on the floor is that the gravy was spilled by an unidentified white male who dropped a Styrofoam container at approximately 17:41:38 (5:41 P.M.).[1] (Doc. 17-1 ¶¶ 8 & 9.) Tim Girard did not see the unidentified white male spill the gravy, or Plaintiff fall forty-four (44) seconds later. (Docs. 17-1 at 3.)

## DISCUSSION

To prevail on a slip-and-fall claim in Georgia,[2] a plaintiff must prove, among other things, "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997). Defendant contends that summary judgment is appropriate because Plaintiff cannot dispute that Defendant lacked actual or constructive knowledge of the gravy that caused Plaintiff to fall. (Doc. 17-2 at 8.)

Knowledge of a hazard can be either actual or constructive. To prove actual knowledge, a plaintiff "must do more than merely show that [the defendant's] employees had a general knowledge that a hazardous condition might exist." *J.H. Harvey Co. v. Reddick*, 522 S.E.2d 749, 752 (Ga. Ct. App. 1999). Rather, the defendant must have some kind of specific knowledge of the particular hazard that caused the plaintiff's injury. *Id.*

To prove constructive knowledge, a plaintiff may choose between "one of two ways: [1] by evidence that an employee was in the immediate area of the hazard and could easily have discovered and removed it, or [2] by showing that the owner did not use reasonable care in inspecting the premises." *Taylor v. AmericasMart Real Estate, LLC*, 651 S.E.2d 754, 759 (Ga. Ct. App. 2007) (quoting *KMart Corp. v. Jackson*, 521 S.E.2d 93, 96 (Ga. Ct. App. 1999)).

---

[1] The unidentified white male was videotaped licking the spilled gravy off his fingers at approximately 17:42:08 (5:42 P.M.) and examining the dropped container, likely for further leakage, at approximately 17:42:09.787 (5:42 P.M.). (Docs. 17-1 ¶ 10 & 17-2 at 13-14.) The Court notes this for the purposes of the record as it confirms Defendant's position that the unidentified white male's Styrofoam container was the source of the gravy.

[2] "A federal court sitting in a diversity action applies state law using the choice of law rules of the forum state, in this case Georgia." *Travelers Prop. Cas. Co. of Am. v. Moore*, 763 F.3d 1265, 1270 (11th Cir. 2014).

4

While in most cases the finder of fact "may infer constructive knowledge unless the owner or occupier of the premises shows not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of incident" that is not the case here. *Id.* (internal citations omitted.) That is not the case here, as the Georgia Court of Appeals has held that in certain cases the existence of an inspection policy is not relevant when "video evidence establishes how long the substance was on the floor before" the Plaintiff fell and the substance was on the floor for a short period of time. *All American Quality Foods, Inc. v. Smith*, 797 S.E.2d 259, 262 (Ga. Ct. App. 2017) (Smith's contention that Food Depot had failed to establish that it had a reasonable inspection policy was not relevant to Smith's claim due to video evidence establishing how long the substance was on the floor before Smith fell).

In the present case, summary judgment is appropriate as the evidence shows that Defendant lacked actual or constructive knowledge of the gravy in which Plaintiff slipped. As an initial matter, Defendant lacked actual knowledge of the gravy spilled on the floor, as Defendant's employee, Tim Girard, walked through the area of Plaintiff's fall approximately two minutes before Plaintiff fell and there was no substance on the floor. (Doc. 17-1 ¶ 6 & 7.) In addition, Plaintiff has not established that Defendant had constructive knowledge of the gravy on the floor as Plaintiff has not provided this Court with any evidence that "an employee was in the immediate area of the hazard and could easily have discovered and removed it." *Taylor*, 651 S.E.2d at 759. Furthermore, this case falls within the limited category of cases in which it is unnecessary to show the existence of an inspection policy,[3] as video evidence established how long the gravy was on the floor before Plaintiff fell.

In the present case, the gravy in which Plaintiff slipped was spilled approximately forty-four (44) seconds before Plaintiff's fall.[4] (Doc. 17-1 ¶¶ 3 & 9.) Georgia Courts have previously found that summary judgment is appropriate where evidence showed that the

---

[3] The Court notes for the purposes of the record, that Defendant did not establish that a reasonable inspection program existed.

[4] The Court notes for the purposes of the record that the gravy was spilled by an unidentified white male at approximately 17:41:38 (5:41 P.M.) and Plaintiff fell at approximately 17:42:22 (5:42 P.M.) (Doc. 17-1 ¶¶ 3 & 9).

hazard has arisen less than two minutes before the Plaintiff's fall. *Hagan v. Goody's Family Clothing, Inc.*, 490 S.E. 2d 107, 108 (Ga. Ct. App 1997) (*See also Alterman Foods, Inc. v. Ligon*, 272 S.E.2d 327 (Ga. 1980) (A "proprietor is under no duty to continuously patrol the premises in absence of facts showing that the premises are unusually dangerous."); (*See Pirkle v. QuikTrip Corp.*, 754 S.E.2d 387 (Ga. Ct. App. 2014) (summary judgment granted where only eight minutes transpired between the fall and inspection that showed no liquid on floor); (*See Markham v. Schuster's Enterprises, Inc.*, 601 S.E.2d 712 (Ga. Ct. App. 2004) (Plaintiff slipped and fell only five to ten minutes after manager inspected the area).

Accordingly, as Plaintiff has failed to present evidence upon which the finder of fact could find that Defendant had actual or constructive knowledge of the hazard, and video evidence establishes that the hazard had existed for less than one minute, this Court finds that summary judgment is appropriate as to Plaintiff's claims. Accordingly, Defendant's Motion for Summary Judgment (Doc. 17) is **GRANTED**. As Defendant is entitled to summary judgment based upon this Court's review of Defendant's Motion for Summary Judgment (Doc. 17), Defendant's Request for Oral Argument (Doc. 20) is **DENIED** as **MOOT**.

### CONCLUSION

In conclusion, this Court finds that Defendant is entitled to summary judgment on Plaintiff's negligence claim. Defendant is entitled to summary judgment because Defendant has established that it lacked actual or constructive knowledge of the hazard in which Plaintiff fell. Accordingly, Defendant's Motion for Summary Judgment (Doc. 17) is **GRANTED** and Plaintiff shall take nothing upon her Complaint (Doc. 1-1) and the claims included therein.

Finally, Defendant's Request for Oral Argument (Doc. 20) is **DENIED AS MOOT**.

**SO ORDERED**, this 9th day of May, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**